[Coleman v. The State.]

# Coleman v. The State.

## Murder.

[DECIDED APRIL 19, 1906, 40 So. REP, 977.]

1. *Jury; Summoning; Mistake in Name; Quashing Venire.*—The original venire contained the name of Rhodes, but the name on the copy served upon defendant was Rodes; Held., not good grounds for motion to quash, and cured by § 5007, Code 1896.

2. *Same.*—The fact that names of jurors drawn upon the special venire had been drawn as regular jurors, whereupon such names were set aside without objection by defendant, furnished no grounds for motion to quash the venire, in the absence of fraud on part of jury commissioners, as provided by § 4997.

3. *Same; When Motion too Late.*—Motion to quash venire after the jury is drawn and sworn comes too late; and if not, the mere fact that a name appeared as Chapan on the slip drawn from the hat, while the name appeared as Chapman on the venire, furnished no grounds for quashing the venire.

4. *Criminal Law; Pleas; Withdrawal of Pleas.*—The defendant, when arraigned, pleaded not guilty, and after the jury for his trial was drawn and sworn, desired to plead guilty, but coupled it with condition that he be allowed to make a statement of the case to the court and jury. The court declined to permit him to withdraw his plea of not guilty, and interpose a plea of guilty; Held, not error.

APPEAL from Hale Circuit Court.
Heard before Hon. B. M. MILLER.

The defendant was indicted for the murder of one Waller, by shooting him with a gun. The facts upon which the opinion is rested sufficiently appear therein. The defendant was convicted and sentenced to death.

E. S. JACK and P. A. TUTWILER, for appellant.—The court erred in its several rulings as to the venire, and especially in refusing to permit the defendant to withdraw

his plea of not guilty and interpose a plea of guilty. (No authorities are cited in brief.)

Massey Wilson, Attorney-General, for State.—The motion to quash the venire on account of the juror Rhodes was properly overruled.—*Kimbrell v. State*, 130 Ala. 40, 43.

The action of the court in discarding the name of the juror Jones was proper.—*Wilkins v. State*, 112 Ala. 55; *Jimmerson v. State*, 133 Ala. 18, 25.

No error is shown in the refilling of the jury box. The jury commissioners and the court proceeded in strict compliance with §§ 4983, 4985 and 4986, Code 1896.— *West v. State*, 118 Ala. 100.

There was no error committed as to the juror Chapman.

The several motions to quash the venire fall within the curative influence of § 4997 of the Code. No fraud is alleged in the drawing or summoning of the jury.—*Childress v. State*, 122 Ala. 21; *Thompson v. State*, 122 Ala. 12; *Baker v. State*, 122 Ala. 1, 2 h. n. 10.

It was discretionary with the court whether he would allow the defendant to withdraw his plea of not guilty and plead guilty, after arraignment.—*Hubbard v. State*, 72 Ala. 164; *Baker v. State*, 122 Ala. 1, 3, h. n. 10.

HARALSON, J.—The copy of the venire served on the defendant contained the name of A. T. Rodes, while the original contained the name of A. T. Rhodes. On this account the defendant moved to quash the venire, which motion was properly overruled. As spelled, the names are *idem sonans*. It was an instance of incorrect spelling of a name. A mistake in the name of a person summoned as a juror for the trial of a capital case, is not sufficient cause to quash the venire. Code 1896, § 5007.

While drawing the special venire, the name of T. H. Jones was drawn from the jury box, and was, by the direction of the court, set aside, and not placed on the special venire, which was done without objection by defendant. The court was informed by the solicitor, and the statement was shown to be correct, that T. H. Jones

was one of the regular jurors who had been drawn and summoned for the second week of the court, and was on one of the juries for the week; that T. H. Jones was the only man by that name in beat 15 where it appeared Jones lived, or in the county, so far as witnesses who were well acquainted with the people of the county knew. The defendant moved to quash the venire for the reason that said Jones was drawn on the special venire, but the court overruled the motion and defendant excepted. The court, by the course pursued, prevented a duplication of this name, by which the special venire would have been constituted of a number less by one than had been fixed by the court. In the making up of the jury, the name of Jones was drawn as a juror and after being pronounced competent by the court, he was peremptorily challenged. It was a mistake of the jury commissioners by which the name of Jones appeared twice in the jury box, which we presume was the case, but this was not an objection for which the venire could be quashed, except for fraud on the part of the commissioners.—Code 1896, § 4997.

When the jurors' names were being drawn from the hat, the name of J. N. Chapan was drawn, and it was called J. N. Chapman. It was shown that J. N. Chapman, farmer, beat 18, was the person that had been drawn and summoned; that no one by the name of J. N. Chapan had been drawn and summoned, nor did any person by that name reside in beat 18, and that the deputy clerk in copying the names of the jurors on slips to be placed in the hat, for drawing, by a clerical error made the name of J. N. Chapan on one of the slips for J. N. Chapman. When the name of J. N. Chapman was called by the sheriff, he was peremptorily challenged by the state, and was not put on the defendant. For this mistake in writing the name of the juror, the defendant moved to quash the venire, no such name as J. N. Chapan being on the list served on him. The name of J. N. Chapman was shown to be on the list which was served by the sheriff on defendant on his trial. No error here appears. *Hubbard v. State*, 72 Ala. 164. Moreover, the motion came after the jury was drawn and sworn.

[Coleman v. The State.]

The defendant moved, also, to quash the venire, because the jury commissioners for Hale county, "illegally and unlawfully" refilled the jury box from which the names on the venire in this case were drawn. The ground for the charge of illegality in the proceedings to refill the jury box, consisted, as appears, in the fact that the names of four persons appeared twice in the box, and they had been drawn and summoned as regular jurors for the second week of the court. But it was shown that these names were not put on the special venire drawn for the trial of this case, but were discarded or laid aside by the judge, without objection by defendant. There was no charge of fraud in drawing or summoning the jury, and the objection raised against the commissioners falls well within the curative influence of section 4997 of the Code of 1896.

The defendant was arraigned, and pleaded not guilty to the indictment. A day was set for his trial, and a jury was duly and legally drawn and summoned for his trial.

On the day set for trial, after the several motions to quash the venire were overruled, and the court instructed counsel to proceed with the trial, the attorneys for defendant stated that defendant wished to plead guilty and desired to make a statment to the court and jury of the facts in the case. He made no motion to withdraw his plea of not guilty, previously pleaded, nor did he propose to plead guilty, except in connection with his expressed desire to make a statement to the court and jury of the facts of the case. The court refused to allow the defendant to plead guilty for the reason as stated, that defendant had already pleaded not guilty, upon his arraignment, when a day was set for his trial and a special venire drawn for his case, and because of the gravity of the offense to which he proposed to plead guilty. If defendant had pleaded guilty on arraignment, as provided by statute, no special venire would have been drawn. Acts 1898-99, p. 244.

It was clearly within the discretion of the court not to allow defendant to plead guilty, at that stage of the trial, and under the particular circumstances named, and it committed no reversible error in so doing.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.