152 So.2d 883

**William F. WILLIS**

v.

**STATE.**

**4 Div. 478.**

Court of Appeals of Alabama.

April 30, 1963.

* Ante, p. 67.

William F. Willis, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Coram nobis to consider claimed errors in an original trial wherein Willis pled guilty to grand larceny.

We quote from the judgment of the judge who heard Willis's petition:

"By order entered in the minutes and made a part of the permanent record of the Circuit Court of Dothan, Alabama, on December 10, 1962, the Honorable Keener Baxley recused himself as Judge in said cause. On December 12, 1962, by order, in writing, Honorable J. Ed Livingston, Chief Justice of the Supreme Court of Alabama, appointed Eris F. Paul, Circuit Judge of the 12th Judicial Circuit, to try all proceedings in connection with the petition of William F. Willis. On the 18th day of December, 1962, the date set for hearing the petition, the petitioner, with his appointed counsel, Honorable J. Hubert Farmer, the Solicitor, representing the State of Alabama, and all witnesses appeared before the Court, at which time the matter was heard orally.

"Ground 'A' alleges that petitioner was forced into trial without aid and advice of effective counsel and that the counsel appointed him was nothing more than an individual to stand with him while his plea of guilty was entered. The testimony reflects that on March 30, 1962, petitioner was arrested in the State of Florida, waived extradition, and returned to the State of Alabama in connection with a charge of burglary of a school building.

"On May 21, 1962, the petitioner came before Judge Baxley, Circuit Judge, and made known that he wanted to waive indictment and enter a plea of guilty to the offense of burglary. Upon this occasion, the Court ascertained that he had no counsel representing him and was not financially able to hire one, therefore, an order was entered appointing Honorable William G. Hause, practicing attorney of Dothan,

Alabama, to confer with the defendant and represent him in the matter of his petition to waive indictment and plead guilty. The necessary petition was filed by the petitioner and the matter set for hearing before the Court on May 28, 1962. Mr. Hause, the appointed counsel, conferred with the defendant on one or more occasions, appeared in Court and represented him at the hearing. At the conclusion of the hearing, an order was entered by Judge Baxley, refusing to accept the plea of guilty of the defendant without indictment and remanding him to jail to await action of the Grand Jury. On June 7, 1962, an indictment was returned by the Grand Jury of Houston County, Alabama, against the petitioner in this cause, indicting him in one count of second degree burglary of the Cottonwood High School and the second count with Grand Larceny of personal property of Houston County, Alabama. On July 23, 1962, the petitioner appeared before the Court and made known to Judge Baxley that he wanted to enter a plea of guilty to the indictment. The prisoner was asked by the Judge whether he had counsel to represent him and upon being advised that he had none, he related to the Court that he 'Did not want any counsel'. Upon it being ascertained that he was not able to employ counsel, the court appointed Honorable H. D. McInish, a practicing attorney of Dothan, Alabama, to represent and defend the defendant. After giving the prisoner and attorney time to confer, during which time they did confer, the prisoner made known that he wanted to enter a plea of guilty to the count in the indictment of Grand Larceny. At said time, and before said plea was taken, the Court fully explained to him the charge, the nature of it, the maximum and minimum sentence, and asked the defendant if he fully understood and wanted to enter a plea. The Counsel appointed for the defendant was present and when asked if he had conferred with the defendant and explained the matter to him, the Court was told by said attorney and defendant that he had, and desired to enter a plea of guilty. The plea was accepted to the count of Grand Larceny and the prisoner sentenced to a period of ten years. Count One of the indictment, charging burglary in the second degree, was nol prossed.

"During this hearing, no insistence was made that either of the attorneys appointed to defend the petitioner, was unlearned, incompetent or inexperienced. In fact, it was admitted by petitioner and his attorney, who ably represented him at this hearing [on coram nobis], that the attorneys representing him at the hearing here under attack, were competent, reputable and experienced. This Court personally knows Mr. Hause and Mr. McInish; has handled many matters in which they have appeared as counsel and knows them to be capable, reputable, and experienced attorneys who are diligent in the performance of matters handled by them.

"This Court is of the opinion and so finds, that petitioner is an intelligent man, as is evidenced by the petition which the testimony shows he personally prepared. His intelligence is further obviated [demonstrated] by his testimony on the witness stand. It is without dispute that he told Judge Baxley that he did not want counsel, but, despite that, taking every precaution, the judge appointed Mr. McInish to represent him in connection with his application to plead guilty after the indictment.

"This Court finds:

"That there is no justification or merit in Ground 'A' of the petition or any other portion of said petition which alleges that the accused was without adequate, efficient and capable repre-

sentation at any of the hearings had in this cause.

"Ground 'B' of the petition alleges that the original search in the State of Florida, where the petitioner and the property in question was found, was illegal; that the search warrant was addressed to William E. Willis, father of defendant. It was admitted in the testimony that there was a search warrant, that at the time the property was seized he was in possession of the premises and had done so for some time prior to the search. Apparently, petitioner is standing on the law announced in the case of Dollree Knapp vs Ohio [367 U.S. 643] 81 A U.S.Sup. Court, 1684 [6 L.Ed.2d 1081]. It will be observed, however, that no testimony was offered at the hearing when the plea of guilty was entered to the indictment and the prisoner sentenced. The Court is unable to see how the rule against illegal search and seizure comes into operation in this case. There was no occasion to invoke any ruling on the proposition when he pleaded guilty. The defendant admitted that he was in possession of the property and did not deny that he confessed to the officers that he took same from the school building and carried it to Florida. Without doubt, the corpus delicti of the offense of Grand Larceny could have been proved.

"During the hearing, that portion of Paragraph 'C' of petition which alleged that he was told by the Sheriff of Houston County, Alabama, that if he would waive Grand Jury indictment and plead guilty, he would probably receive a two year sentence, was withdrawn by petitioner.

"On petition to waive indictment and plead guilty to a charge of burglary, Judge Baxley said to the defendant in substance, 'If your anxiety to plead guilty is based on your expectation of leniency of the Court, you need not plead guilty, this court has no sympathy for a person who would steal from a church or school.' This Court is unable to see how the statement just mentioned by the presiding judge would show that the sentence was based on prejudice. On the contrary, it was to put the defendant fully on notice that he was offering to plead guilty on his own and that the Court would set the sentence on the merits of the case.

"The Court finds that there is no merit, in the allegations of Paragraph 'D' of the petition.[1] The Circuit Court of Houston County did have jurisdiction of the defendant and of the offense. There is no necessity for taking testimony of the guilt of defendant when he enters a plea of guilty as was done in this case, being properly represented by counsel, as has been pointed out hereinabove. It is obvious that defendant was fully advised by the Court.

"The record will reflect that an attempt was made by the Solicitor in the present hearing to show what did transpire between the petitioner and each of the counsel appointed to represent him at the hearings complained of, but on each occasion, an objection was interposed by the defendant, which the Court sustained on the authority of Title 7, Sec. 438, Code of Alabama, pertaining to privileged communications between attorney and client. Petitioner was given every opportunity to show in what way he was not properly represented by the attorneys appointed for him, but he made known that he did not wish to go into it.

"This Court finds that there is no merit in Paragraph 'E' of the petition, brought in by amendment, asserting

[1. That the trial court lacked jurisdiction to try him for grand larceny because there was no evidence "that petitioner did, in fact commit this alleged act."

This was a most preposterous asseveration in the face of his having made a complete infra judicial confession by pleading guilty.]

failure of the trial Court, the Circuit Solicitor, and Sheriff of Houston County, Alabama, to observe fundamental fairness essential to justice. It appears obvious to this Court, and it so finds, that every precaution was taken to assure that the defendant was afforded a fair opportunity of representation and trial. He requested permission to plead guilty before and after conference with his attorneys. Apparently, the primary insistence all through this hearing was that he received more punishment than he had hoped for. The matter of punishment is one addressing itself to the sound discretion of the trial Court and as long as it is within the limits prescribed by law, it is the opinion of this Court that the sentence should not be set aside for this reason.

"It is the considered opinion of this Court that the defendant was afforded every protection known to law in all of these matters passed upon by Judge Baxley; that nothing was done to prejudice any of his rights and that his petition and each and every ground thereof is without merit and should be dismissed.

"It is, therefore, CONSIDERED, ORDERED and ADJUDGED by the Court that the petition of William F. Willis, for a writ of error coram nobis, be, and the same is, hereby denied and dismissed.

"Done this 20th day of December, 1962.

"ERIS F. PAUL
"Judge, 12th Judicial
Circuit of Alabama,
Judge Presiding."

Thereafter, Willis appealed and asked for a free transcript.

■ The court below referring to Ex parte Carmack, 41 Ala.App. 426, 133 So.2d 891, and Allison v. State, 273 Ala. 223, 137 So.2d 761, correctly ruled that Act No. 62 of September 15, 1961, the Griffin v. Illinois statute, did not apply to paupers seeking a free transcript of testimony taken on a coram nobis hearing. Cooper v. State, Ala., 149 So.2d 834. This was January 17, 1963.

Though Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, has intervened since the January 17 order, yet we see no field for operation here of that decision.

■ It is clear from Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, Eskridge v. Washington State Bd. of Prison Terms & Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269, and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, that the Supreme Court of the United States has not required a state to furnish a poor man a full transcript of *all* the evidence. All that is required for a main trial is some unbiased narrative or recital which gives the background ("stenographic support or its equivalent") to illumine the appellant's question or questions reserved for consideration on review for error.

Under Griffin v. Illinois, supra, a state is not dispensing red beribboned souvenirs or mementos. Rather the convicted pauper is entitled to essential parts of the transcript (or a substitute) because of his need to show the appellate court the setting of the rulings below.

■ Under Alabama practice, where the rich man as much as the pauper must submit coram nobis on affidavits rather than viva voce evidence, it will be a rarity for Lane v. Brown, supra, to apply.

■ Coram nobis is in the nature of a motion whose object is to restore a criminal case to the docket for retrial because of the original being vitiated by a fraud or collusive act not known to the defendant perpetrated by the State of a matter which, had it been overt, would have *prevented* the original judgment. Duncan v. State, post, p. 111, 154 So.2d 302.

Since this is one of the first appeals of this kind, we also discuss other grounds to affirm.

 Ground A—as to Willis being aided only by a sham of counsel because his lawyer only stood by him while he pled guilty. Against record evidence, e. g., the appearance docket of the court and the minute entry of conviction, this claim was a matter for Willis to have proved, if he could, by affidavits attached to his petition. Failure to attach such exhibits is want of meeting the burden to prove his petition. Allen v. State, ante p. 9, 150 So.2d 399; Duncan v. State, supra.

Even with the aid of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (were it restrospective), Ground B is palpably moot in the face of Willis's having pled guilty in open court. Also, he showed no effort to suppress the fruits of the claimed illegal search by a pretrial motion. Thompson v. State, 41 Ala.App. 353, 132 So. 2d 386; Robertson v. State, 94 Fla. 770, 114 So. 534; Anno. 50 A.L.R.2d 531.

Testimony on Ground C, even under Willis's claimed version of Judge Baxley's admonition, shows nothing which would evoke a proper judgment to restore the cause to the docket for another trial. Hence, a transcript of testimony on this point would be irrelevant.

Ground D ("tried in a court that did not have jurisdiction to try him for Grand Larceny") is a question of law only—to be found in the statutes and Constitution. The introduction in evidence of our law is not needful because it is taken by way of presumptive knowledge. Copying enactments into a transcript of evidence is uncalled for.

Ground E was emotional tautology and brought forth nothing not already at least hinted at. The imposition of sentence for grand larceny is solely with a trial judge. Hence, the sentence is amenable to review by habeas corpus only if there is an excess of jurisdiction as where the term is greater than the longest fixed by law. City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279.

Thus, in detail, ground by ground, Lane v. Brown, supra, is abstract in this case.

The judgment below is

Affirmed.

