168 So.2d 624

**Henry Ford SWICEGOOD**

v.

**STATE.**

**6 Div. 957.**

Court of Appeals of Alabama.

Nov. 19, 1963.

Rehearing Denied Jan. 14, 1964.

shorter prison term than had previously been meted out to him.

## I.

### Original Trial

The chronology shown by this record is as follows:

1. Indictment, January Term, 1962, on a charge of false pretense, i. e., Swicegood gave a worthless check for an automobile.

2. May 30, 1962, Swicegood, attended by counsel, was arraigned and entered a plea of guilty to false pretense.

3. This minute entry shows the "case is passed on same bond to June 22, 1962, for sentence, and punishment is fixed at six years."

4. June 22, 1962, the defendant appeared for formal sentencing and, according to the minutes as originally entered, he was attended by counsel at all times.

Roger F. Rice, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

An indigent prisoner appeals from a judgment of partial relief granted in a coram nobis proceeding. Swicegood's petition attacked (a) the plea of guilty as corruptly induced and (b) the sentence as being passed while he was without counsel. The result of this postconviction review was that the circuit court resentenced Swicegood to a

## II.

### Coram Nobis Proceeding

■ The petitioner failed to sustain the onus of proof as to his being corruptly induced to change his plea to guilty. There was no evidence that any officer of the court "agreed" to his being put on probation. People v. Shorts, 32 Cal.2d 502, 197 P.2d 330; Willis v. State, 42 Ala.App. 85, 152 So.2d 883.

■ The trial judge expressly refused to allow Swicegood to withdraw his plea of guilty. People v. Mendez, 28 Cal.2d 686, 171 P.2d 425. We see no abuse of discretion. Coleman v. State, 145 Ala. 13, 40 So. 977;

Smith v. State, 32 Ala.App. 206, 23 So.2d 515.

■ We see no error in resentencing the defendant. We probably would have affirmed had the original judgment been affirmed in toto. There was no jury to poll: the plea stands equal to a verdict. McCall v. State, 262 Ala. 414, 79 So.2d 51 (court polled jury in counsel's absence); Harris v. State, 19 Ala.App. 484, 98 So. 316 (plea of guilt stands as verdict).

Cases are innumerable of affirmance with remandment for proper sentence. Lawson v. State, 33 Ala.App. 333, 33 So.2d 405; Schenher v. State, 38 Ala.App. 573, 90 So.2d 234; Long v. State, 39 Ala.App. 372, 105 So.2d 136; Flaherty v. State, 40 Ala.App. 539, 117 So.2d 195; Robinson v. State, 40 Ala.App. 540, 117 So.2d 260; Ex parte Griffin, 42 Ala.App. 73, 152 So.2d 445; Dotson v. State, 42 Ala.App. 83, 152 So.2d 696.

■■ The judgment is thus divisible so as to allow affirmance of conviction along with (reversal and) remandment for proper sentence on review by appeal. A fortiori it should be also divisible on coram nobis. See Rice v. State, 169 Tex.Cr.R. 18, 331 S.W.2d 326.

■ We see no breach of the Fourteenth Amendment. Petition of McAllister, D.C., 208 F.Supp. 636. 20 A.L.R.2d 1240.

■ Under the Act of September 16, 1963 (S.B. 351), we determine that counsel for the petitioner on this appeal is entitled to a fee of $100.00. Because the original minute entries did not correctly reflect either the proceedings on May 30 or June 22, 1962, costs below will not be assessed against Swicegood.

Affirmed.