196 So.2d 415

**Bill ROBINSON**

v.

**STATE of Alabama.**

**6 Div. 398.**

Supreme Court of Alabama.

March 2, 1967.

Bill Robinson, pro se.

Richard M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from the Circuit Court of Jefferson County, Alabama, Bessemer Division, from a judgment denying the petition of Bill Robinson, alias Bill Roberson, alias Phil Roberson, for a writ of error coram nobis.

The appellant, Bill Robinson, alias, was indicted by the Grand Jury of Jefferson County, Alabama, on August 2, 1939, for the offense of murder in the first degree. On August 29, 1939, appellant was arraigned in open court, represented by counsel of his own choosing, and entered a "plea of not guilty" and "not guilty by reason of self-defense."

During the course of his trial, on September 18, 1939, he changed his plea of not guilty to a plea of guilty. The jury found him guilty of murder in the second degree

and fixed his punishment at fifty years in the state penitentiary.

The instant proceeding was instituted on August 19, 1966, by Robinson filing a petition for writ of error coram nobis in the Jefferson County Circuit Court, Bessemer Division. The petition was heard on September 8, 1966; the trial court appointed counsel to represent petitioner; evidence was heard ore tenus before the trial court and the petition was denied on September 20, 1966. The appeal is from the judgment or order of the court denying the petition.

The burden is upon the petitioner to prove the allegations of his petition for writ of error coram nobis. Willis v. State, 42 Ala.App. 85, 152 So.2d 883; Swicegood v. State, 42 Ala.App. 492, 168 So.2d 624.

The record on this appeal is very short, and we have carefully examined it en banc and are clear to the conclusion that the petitioner did not prove any of the grounds for the relief prayed for in his petition. Appellant frankly admits that he was guilty of murder in 1939, as alleged in the indictment, and he further states that he was not intimidated or threatened when he changed his plea from not guilty to a plea of guilty.

At no time did appellant request the trial court or the Chief Justice of this Court to appoint counsel to represent him on this appeal. However, we are cognizant of the fact that indigent defendants, after conviction, may be entitled to counsel on appeal; therefore, we have carefully studied the record in this case, together with the evidence submitted to the trial court where petitioner was represented by counsel, and are clear to the conclusion that the appointment of counsel to represent the appellant on this appeal would have been vain and useless. The three other Justices listed concur in that conclusion. Murphy v. State, 276 Ala. 427, 163 So.2d 212.

The judgment of the lower court is due to be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.