218 So.2d 158

**Charles Neil PORCH**

**v.**

**STATE.**

**8 Div. 199.**

Court of Appeals of Alabama.

Jan. 14, 1969.

---

Donald B. Weir, Jr., Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from denial of coram nobis.

Appellant was convicted in May 1965, for robbery and was sentenced to fifteen years in the penitentiary. No appeal was perfected.

In March of 1967, appellant filed a petition for writ of error coram nobis in the Circuit Court of Madison County, in

which he alleged that his constitutional rights were denied him, in that after his arrest he was not allowed to call an attorney; that he was not represented by counsel at the preliminary hearing; that he was never furnished with a copy of the indictment against him; that he was not appointed an attorney to perfect his appeal; that at the time of the arrest the law enforcement officers took certain property from him by illegal search and seizure; that he was denied a free transcript, copy of warrant of arrest and indictment.

The evidence taken on the hearing of the petition shows that appellant was represented at his trial by retained counsel who frequently consulted with appellant and members of his family. Counsel was employed by appellant's sister before indictment. Honorable W. D. Wilkes, Jr., testified at the hearing that he examined the indictment, discussed it with appellant and that they waived reading of the indictment at arraignment.

Mr. Wilkes also testified there was an attempt by the State to introduce evidence obtained from a search of appellant's person, but that he objected on the grounds that it was taken as the result of an illegal search and seizure, and that this objection was sustained by the trial court, and no evidence was admitted which was the product of a search.

The appellant testified he did have a preliminary hearing, at which hearing he was represented by the Honorable Hampton Brown.

The evidence reflects that notice of appeal was filed by counsel for appellant after conviction, but that appeal was never perfected due to failure to pay the legal fees and cost of transcript. The trial court was under the impression that the appellant was represented by employed counsel and was never notified to the contrary.

After a careful examination of the record, we are of opinion the petitioner failed to prove the allegations of his petition.

Robinson v. State, 280 Ala. 569, 196 So.2d 415; Willis v. State, 42 Ala.App. 85, 152 So.2d 883; Swicegood v. State, 42 Ala. App. 492, 168 So.2d 624.

The judgment is due to be and hereby is affirmed.

Affirmed.