This is a death penalty case. Petitioner was tried and convicted of intentionally killing a person by wilfully causing an explosion near a dwelling house. He was sentenced to death pursuant to Code 1975, § 13-11-1, et seq. The Court of Criminal Appeals affirmed his conviction. Richardson v. State, [1978],376 So.2d 205 (Ala.Cr.App. 1978). This Court granted certiorari to review his conviction on the ground that this was a death case. Rule 39 (c) ARAP. We affirm.
The facts of the case are sufficiently set forth in the decision of the Court of Criminal Appeals.
Petitioner makes two allegations of error: (1) that the initial warrantless search of his automobile was illegal; (2) that the search of his home was conducted pursuant to an improperly issued search warrant. We find no merit in either contention made by petitioner. We agree with the appellate court that Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523,37 L.Ed.2d 706 (1973), is applicable and controlling with regard to the automobile search. Regarding the insufficiency of the search warrant for the house, we agree with the reasoning of the Court of Criminal Appeals and cite the following authorities in support of the reasoning of that court: Franksv. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667
(1978); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825,11 L.Ed.2d 887 (1964); United States v. Thomas, 489 F.2d 664
(5th Cir., 1973) cert. denied 423 U.S. 844, 96 S.Ct. 79,46 L.Ed.2d 64 (1975).
We have carefully reviewed the record and find that petitioner's conviction is adequately supported by the evidence.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, MADDOX, JONES, ALMON and SHORES, JJ., concur.
FAULKNER, EMBRY and BEATTY, JJ., dissent. *Page 656