This appeal is from a denial of a petition for a writ of error coram nobis seeking to set aside appellant's 1978 conviction for murder and a sentence of death. His original *Page 290 
conviction was appealed from the Houston County Circuit Court to this Court, and on October 3, 1978 the case was remanded to the trial court with instructions. On November 21, 1978, following remand, it was affirmed by this Court, and on December 19, 1978 rehearing was denied. Richardson v. State, Ala.Cr.App.376 So.2d 205. The Supreme Court of the State of Alabama granted certiorari to review appellant's conviction on the ground that it was a death case. Rule 39 (c) ARAP, and on September 28, 1979 affirmed the judgment of the Court of Criminal Appeals. On November 6, 1979 petition for rehearing in the Supreme Court was denied. The Supreme Court in affirming the holding of the Court of Criminal Appeals stated that "petitioner's allegations of error: (1) That the initial warrantless search of petitioner's automobile was illegal; (2) That the search of appellant's home was conducted pursuant to an improperly issued search warrant. We find no merit in either contention made by the petitioner." The Supreme Court carefully reviewed the record and found that petitioner's conviction is adequately supported by the evidence. Ex ParteRichardson v. State of Alabama, Ala. 376 So.2d 228.
We shall not recite the facts of the crime in this record because they are fully set out in the opinion of this Court in the case of Richardson v. State, Ala.Cr.App. 376 So.2d 205.
On April 10, 1981 the petitioner, Herbert Lee Richardson, filed a petition for a writ of error coram nobis in the Circuit Court of Houston County, Alabama. On April 16, 1981 the district attorney of the 20th Judicial Circuit of Alabama filed a motion to dismiss the petition for writ of error coram nobis filed in this cause. On July 2, 1981 the petitioner filed a supplementary amendment to the petition for a writ of error coram nobis. On July 16, 1981 the trial court entered an order appointing a competent attorney to represent the petitioner, setting the time and place for a hearing on the petition, and the motion to dismiss the petition, and directing the Warden at Holman Prison to have the petitioner present so that he and his attorney may present such evidence as may be proper in said cause. On the 18th of September, 1981, with the petitioner, and his counsel, and the state, and its counsel, present in open court, a hearing on the petition was had.
Petitioner's evidence consisted of five witnesses and two exhibits. Petitioner's first witness, Thomas W. Sorrells, district attorney for the 20th Judicial Circuit, State of Alabama, testified, in substance, as follows: That he participated in the investigation that led to the arrest, trial, and conviction of the petitioner; that he accompanied the police to Abbeville to pick up the petitioner, who had been arrested, and to talk to petitioner's fellow employees, and to look around the site where the petitioner had been working; that he did participate in the obtaining of a search warrant for the petitioner's house in Hartford, Alabama; that he related the information given him by Sergeant Lock to Judge Block; that at that time the petitioner was in custody in Dothan; that he was present in the area, but did not participate in the actual search of petitioner's house; that he was not present when petitioner's vehicle was searched.
The petitioner testified, in substance, that the pipe on his job site was all two and a half inch pipe; that two and a half inch pipe would be the inside size of the pipe, and that three inches would be the outside diameter of the pipe; that all pipe at the job site was galvanized; that the only pipe he recalls being at his house was three-quarter inch pipe, and it was not galvanized. On cross-examination petitioner admitted that he was not present when the officer found pipe at his home, and that the pipe described by the police was approximately two inch pipe; that these facts about the size of the pipe came out at his trial.
Doris Weems, petitioner's next witness, testified, in substance, that she went to the scene of the bombing on the 16th day of August, 1977; that she spoke with some officers whose names she did not know, and told them that she had seen a pipe in the *Page 291 
petitioner's car; that she did not recall whether she had told the police about any statements petitioner had made to her since the bombing occurred several years ago.
Petitioner's next witness, Harold Lock, a Dothan police officer, testified, in substance, that he was involved in the investigation which led to the conviction of the petitioner; that the pipe found at the job site where petitioner worked, and the pipe found at petitioner's home were similar to the pipe found at the bomb scene; that the pipe used in the bomb and the pipe found in petitioner's yard both had threads on one end; that Randy Collins had seen a bomb on the front porch immediately after petitioner left the scene of the bombing; that the pipe in the debris of the bomb was broken and twisted, and that he estimated the size of the pipe used in the bomb to be two to two and a half inches, galvanized, and the same type of pipe found at appellant's job site and home.
Petitioner's next witness, L.E. Stokes, a Dothan police officer, testified, in substance, that he obtained a search warrant for petitioner's car; that Randy Collins told Stokes that he saw something on the steps of the house after the petitioner left the scene, but could not recall Collins' description of it.
Petitioner's exhibit one is a drawing of a two-inch galvanized pipe. Petitioner's exhibit two is a drawing of a carbon steel pipe, and a galvanized pipe with nipples on them.
On September 18, 1981 at the conclusion of the evidence offered by the petitioner on his petition for writ of error coram nobis, the trial court being of the opinion that the evidence did not establish that petitioner was entitled to a writ of error coram nobis, therefore, the petition was dismissed. Appellant gave notice of appeal to this Court on September 22, 1981, and requested permission to proceed in forma pauperis, and pro se.
The petitioner contends in his brief that he is entitled to a new trial because: First, that the search warrants issued to search his vehicle and to search his home were issued under false affidavits. Second, that he has been denied his right to an attorney during the preliminary stage of the proceeding when the district attorney was actively involved in the prosecution of the case on the day of the occurrence. Third, that he is entitled to a new trial under the decision rendered in the Beck case. Beck v.State of Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392.
The appellant's first contention in his brief is that he should be granted a new trial because: (1) The affidavits used to obtain the search warrant for his automobile; and (2) The affidavits used to obtain the search warrant for his home were false. This issue was fully submitted by the appellant to the trial court, and there adjudicated, and upon appeal to this Court from his conviction, was affirmed by this Court. See Richardson v. State, Ala.Cr.App., 376 So.2d 205, and again confirmed by the Supreme Court of Alabama. See Ex Parte Richardson, Ala., 376 So.2d 228. This Court will not adjudicate again the same issues that have already been adjudicated between the same parties, over and over again on an application for a writ of error coram nobis.Richardson v. State, supra; Ex Parte Richardson, supra; Summersv. State, Ala.Cr.App., 366 So.2d 336; Ex Parte Rudolph, 276 Ala. 392, 162 So.2d 486; Cert. Den., 377 U.S. 919, 84 S.Ct. 1185,12 L.Ed.2d 88; Impson v. State, Ala.Cr.App., 339 So.2d 1098. We hold that the matters of the validity of the search warrants have been fully adjudicated, and the appellant may not again adjudicate them by this petition for a writ of error coram nobis.
The appellant's second contention is that he has been denied his right to an attorney during the preliminary stages of the proceedings when the district attorney was actively involved in the prosecution of the case on the day of the occurrence.
We have diligently searched the original petition for a writ of error coram nobis filed in this cause on April 10, 1981, and the amended petition filed July 2, 1981, and do not find a fact stated in the petition, or *Page 292 
amended petition, that the appellant was at any time denied the right of counsel, nor do we find any evidence in the transcript of the hearing on the petition from which a conclusion could be drawn that the appellant was denied right to counsel. We only find the statement in the transcript of the hearing, made by appellant's counsel to the court, that appellant contends that: "Under the Lomax case, which is cited in his petition, that he has been denied his fourth amendment rights, and his rights to an attorney, during the preliminary stages of the proceedings when the district attorney was actively involved in the prosecution of the case on the day that the occurrence happened that gave rise to the indictment." The appellant was represented by counsel at his original trial, and on appeal from his original trial, to this Court, and in the Supreme Court of Alabama. Appellant was represented by counsel at the hearing in the trial court in this case and, on request of the appellant, is represented pro se on this appeal.
We hold that in the absence of an averment in the petition for the writ of error coram nobis, that the appellant was denied assistance of an attorney at his original trial, and in the absence of any evidence showing a denial of the appellant's right of counsel at his original trial, the trial court did not err to the prejudice of the appellant when it did not grant him a new trial on the ground that he was denied counsel. Petitioner must aver facts, in his petition for a writ of error coram nobis which, if proven, would entitle him to the writ, and on the trial he must prove such facts. Summers v. State, supra; Corley v.State, Ala.Cr.App., 397 So.2d 223; Cert. Den., Ala.,397 So.2d 225.
The third contention contained in appellant's brief is that he is entitled to a new trial because of the opinion of the United States Supreme Court rendered in the case of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392, decided June 20, 1980.
Appellant avers in his petition that the United States Supreme Court ruled in Beck v. State that: "The death sentence may not be constitutionally imposed after a jury verdict of guilt of a capital offense when the jury was not permitted to consider a verdict of a lesser included offense of a non-capital nature."
The appellant was convicted under Code of Alabama, 1975, Section 13-11-1 — Section 13-11-9. Section 13-11-2 (a)(9) provides for the death or life imprisonment without parole for the: "willful setting off or exploding dynamite or other explosive under circumstances now punishable by Section 13-2-60 or 13-2-61, when a person is intentionally killed by the defendant because of said explosion;"
We quote from Beck, emphasis supplied.
 "We granted certiorari to decide the following question:
 `May a sentence of death constitutionally be imposed after a jury verdict of guilt of a capital offense, when the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense, and when the evidence would have supported such a verdict?' 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed.2d 132.
 "We now hold that the death penalty may not be imposed under these circumstances."
We note that the Beck case specifically held that a death sentence may not constitutionally be imposed after a jury verdict of guilty of a capital offense, when the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense, and when the evidence would have supported such averdict. In the case of Joseph S. Hopper, Commissioner, AlabamaDepartment Of Corrections and James D. White, Warden,Petitioners, v. John Louis Evans, III, ___ U.S. ___,102 S.Ct. 2049, 72 L.Ed.2d 367 released by the Supreme Court Of The United States, May 24, 1982, Chief Justice Burger said:
 "Beck held that due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given only when the evidence warrants *Page 293 such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence. Under Alabama law, the rule in non-capital cases is that a lesser included offense instruction should be given if `there is any reasonable theory from the evidence which would support the position.' Fulghum v. State 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). The federal rule is that a lesser included offense instruction should be given `if the evidence would permit a jury rationally to find (a defendant) guilty of the lesser offense and acquit him of the greater.' Keeble v. United States, 412 U.S. 205, 208
[93 S.Ct. 1993, 1995, 36 L.Ed.2d 844] (1973). The Alabama rule clearly does not offend federal constitutional standards, and no reason has been advanced why it should not apply in capital cases.'"
Chief Justice Burger further stated in Hopper v. Evans, supra:
"The evidence not only supported the claim that respondent intended to kill the victim, but affirmatively negated any claim that he did not intend to kill the victim. An instruction of the offense of unintentional killing during this robbery was therefore not warranted."
The appellant's petition for a writ of error coram nobis in this case does not aver that the petitioner was entitled to an instruction of a lesser included offense. There is no evidence before this Court that the petitioner was entitled to have the jury instructed on a lesser included offense. There is no evidence before this Court that the evidence presented to the jury at the original trial of the petitioner would have supported a conviction of a lesser included offense. The evidence fully supports the jury verdict that the petitioner intended to kill the victim. We hold that the preclusion clause did not prejudice the petitioner in any way, and that the trial judge did not err when he denied petitioner's petition for a writ of error coram nobis. Hopper v. Evans, supra; Beck v. Alabama, supra; Richardsonv. State, Ala.Cr.App. 376 So.2d 205; Ex Parte Richardson, Ala.376 So.2d 228; Beck v. Alabama, 444 U.S. 897, 100 S.Ct. 204,62 L.Ed.2d 132; Summers v. State, supra.
The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.