Appellant, Lee Andrew Bennett, filed a petition in the Circuit Court of Tuscaloosa County for a writ of error coram nobis. The petition, after a hearing, was overruled and denied. Appellant duly appealed to this Court.
Appellant was represented in the trial court by court-appointed counsel, and is so represented in this Court. This appeal was submitted to this Court on briefs. *Page 28 
The appellant's first contention in his brief is that a pre-Boykin guilty plea and conviction must be voluntarily and understandingly obtained to be used under the Alabama Habitual Felony Offenders Act. Appellant's second contention is that he was improperly denied counsel at probation hearing.
On September 30, 1981, appellant filed a petition in the Circuit Court of Tuscaloosa County. On December 28, 1981, appellant amended the original petition, and counsel was appointed by the trial court to represent the appellant at the hearing on the petition. On March 31, 1982, the State of Alabama filed a motion to dismiss the appellant's petition, and the motion was called to the attention of the court. The petition was continued from time to time until April 1, 1982, when the court overruled and denied the petition. Appellant gave notice of appeal to this Court, and the trial court appointed counsel to represent the appellant in this Court.
The petition, as last amended, averred that on October 30, 1962, petitioner pleaded guilty at his arraignment in the Circuit Court of Tuscaloosa County for committing the offense of grand larceny with recommendation from his retained attorney, Jeff B. de Graffenried, and the court sentenced the appellant to fifteen months in prison; that neither the Judge of the Circuit Court nor appellant's attorney ever explained to the appellant the maximum and minimum he could receive on the offense; that on October 31, 1962, the appellant applied for probation; that the probation hearing was continued from time to time until May 30, 1963, at which time the petition was denied by the trial judge, and appellant was sentenced to fifteen months in prison without the judge explaining to him why he was denied probation, and without his retained attorney, Jeff B. de Graffenried, being present; that appellant was denied counsel at the time of sentencing; and that appellant has fully served the sentence then imposed on him.
At the hearing of the petition for a writ of error coram nobis the only evidence introduced by the appellant was a properly certified copy of the judgment in the case of State of Alabama vs. Lee Andrew Bennett, Case Number 7801-A, and the unsworn statement of the appellant to the judge that he had served the sentence a long time ago. The petition states three grounds why it should be granted. 1. Petitioner was denied effective assistance of counsel because his retained attorney failed to explain to petitioner the maximum and minimum he could receive on the offense. 2. The trial court erred because it failed to explain to petitioner the nature of the charge against him, and the maximum and minimum he could receive on it. 3. Petitioner was denied right of counsel at his sentencing hearing.
We first consider the allegation of petitioner being denied right of counsel at his sentencing hearing. The certified copy of the October 30, 1962, judgment clearly shows on its face that Jeff B. de Graffenried represented the defendant, and was present with him on October 30, 1962, the date the court sentenced him to fifteen months. There is no other evidence in the record from which this Court could conclude that the appellant was denied right of counsel at his sentencing hearing. The burden of proof is on the petitioner to sustain the facts averred in his petition by evidence at the hearing of the petition. In this case there is no evidence that the petitioner was denied assistance of counsel at his sentencing. The petitioner's exhibit number one is a certified copy of the judgment of the conviction of the appellant on his plea of guilty in the Circuit Court of Tuscaloosa County on October 30, 1962, and it states the defendant and his attorney, Jeff B. de Graffenried, were present. We, therefore, hold that the appellant in this case did not prove this ground. In fact, his own evidence shows his counsel was present. Shaw v. State,283 Ala. 555, 219 So.2d 382; Robinson v. State, 280 Ala. 569,196 So.2d 415; Sheehan v. State, Ala.Cr.App., 411 So.2d 824;Richardson v. State, Ala.Cr.App., 419 So.2d 289; Robinson v.State, Ala.Cr.App., 419 So.2d 283. *Page 29 
Appellant takes the position in his brief that in the case of a pre-Boykin guilty plea and conviction, it must be affirmatively shown by the record that the plea was voluntarily and understandingly obtained to be used under the Alabama Habitual Felony Offenders Act. So far as this record goes, there is no proof of a sentence being imposed on the appellant under the Alabama Habitual Felony Offenders Act. There is, however, an averment in the original petition that appellant was convicted on November 17, 1980, in the Circuit Court of Jefferson County for the offense of assault with intent to murder, and that on December 19, 1980, Judge Cole sentenced appellant to a twenty-year prison term for committing the offense of assault with intent to murder, after he had considered information in the pre-sentence investigation report concerning petitioner's 1962 grand larceny conviction. There is no proof of this averment in this record. Again the appellant has lost sight of the fact that he is required to prove the averments of his petition for a writ of error coram nobis. We think that in the absence of proof of facts entitling a petitioner to relief on a petition for a writ of error coram nobis the writ should be denied.
The petitioner relies on the case of Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and states that because the record in his 1962 conviction in Tuscaloosa Circuit Court does not affirmatively show that the rights defined inBoykin v. Alabama were voluntarily and intelligently waived, and Boykin should be applied. Therefore, he argues, the trial court erred when it denied his petition for a writ of error coram nobis. This we do not agree with, for the simple reason that this Court, in the case of Cooper v. State, 53 Ala. App. 36, 297 So.2d 169, certiorari denied, 292 Ala. 717,297 So.2d 175, set out the proper procedure to follow when a plea of guilty is offered by a defendant to the judge, and specifically stated that Boykin rights are not applied retroactively. This Court stated:
 "Some of our decisions in regard to the requisites of the Boykin rights are confusing and this confusion led the eminent and distinguished trial judge into error, without any fault whatsoever on his part, in neglecting to personally interrogate the defendant in this case and to record her responses thereto. We regret this. We want to expressly state to the trial courts and the trial bar that our decision today, in the interest of the administration of justice, is prospective only. Stated another way, this decision has no retroactive application."
A writ of error coram nobis should not be used to serve the purpose of an appeal. It is not intended to provide appellate review where the defendant did not seek to review the matter on appeal. The judgment sought to be set aside in this case was rendered on October 10, 1962, and the defendant sentenced to fifteen months in prison. The sentence has been fully served. The petition for the writ of error coram nobis was filed on September 20, 1981, some 18 years and 11 months later. We hold that the trial court did not err when it denied petitioner's petition for a writ of error coram nobis. Cooper v. State,supra; Sheehan v. State, supra; Robinson v. State, supra; Shawv. State, supra. We note that the plea of guilty in this case was entered on October 30, 1962, and the case of Boykin v.Alabama was announced June 2, 1969.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 30