HARRIS, Judge.
Appellant was indicted by the Barbour County Grand Jury for the offense of receiving stolen property in the first degree. After a jury trial, appellant was found guilty as charged and was sentenced to five years’ imprisonment.
Prior to trial, a motion to suppress hearing was held to determine whether the state had probable cause to arrest the appellant and whether stolen goods recovered from appellant’s person were illegally seized. Officer Carl Hagler of the Barbour County Sheriff’s Department testified at the hearing that, on November 24, 1981, he and Deputy Jack Knight received a telephone call to go to the Mount Andrew Community located near Clayton, Alabama, in Barbour County. The call was from one Allen Miller who had previously reported a burglary of his home. When he met Mr. Miller in Mount Andrew, Officer Hagler testified, Mr. Miller told him that he (Miller) had seen appellant in possession of certain items of jewelry that had been taken from his home in the earlier burglary of his house. Mr. Miller told Officer Hagler that appellant had even tried to sell him some of the items that had been taken from his home. Said items included a ring, a necklace and a pocketknife.
Officer Hagler testified that, upon receiving this information he and Deputy Knight proceeded to the home of Annie Mae Clark in an attempt to question appellant about the stolen goods. Upon reaching her house, the two officers remained in their patrol car and called out for appellant to come out of *667 the house. Appellant came out of the house and got in the back seat of the patrol car. After advising appellant of his Miranda rights, the two officers proceeded to question appellant about the prior burglary of Allen Miller’s home. Appellant denied any knowledge of the burglary. Thereupon, Deputy Knight advised appellant that there was an outstanding capias warrant on appellant from Union Springs concerning traffic violations and contempt of court. The two officers, however, did not have the warrant in their immediate possession.
Officer Hagler stated that he told appellant not to get out of the car since he was under arrest. However, appellant got out of the car and began walking toward the house. After he was requested to get back in the car and refused to do so, a scuffle ensued. After struggling briefly, Deputy Knight was able to subdue appellant. Officer Hagler testified that he then patted appellant’s pants pockets in which he felt a knife. Officer Hagler stated that while he was reaching for the knife appellant again began to struggle. As he struggled, a pocketknife and items of jewelry fell out of his pocket onto the ground. Appellant was then taken to the Barbour County Jail and was searched. At the jail, appellant was also found to be wearing a necklace and bracelet that Mr. Miller later identified as part of the jewelry that had been stolen from his house.
Appellant contends that his warrantless arrest was unconstitutional since the sheriff’s officers lacked probable cause to effectuate his arrest. Appellant further argues that, since his arrest was unlawful, the subsequent search of his clothing which revealed stolen jewelry was also illegal.
As this court stated in Owen v. State, 418 So.2d 214, 220 (Ala.Cr.App.1982):
“An officer may arrest without a warrant when ‘a felony has been committed and he has reasonable cause to believe that the person arrested committed it.’ Section 15-10-3, Code of Alabama 1975. The rule of reasonable or probable cause is a ‘practical, nontechnical conception.’ Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949). As defined in Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959):
“ ‘Probable cause exists where “the facts and circumstances within their (the arresting officers’) knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that” an offense has been or is being committed....’ (Citations omitted.)
“ ‘In determining whether there is probable cause to arrest, it is not necessary that the officer have before him evidence that would support a conviction for the offense. He need only have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused had committed or was committing an offense.’ ”
The record firmly establishes that Mr. Miller had informed the sheriff’s office that he had observed appellant having in his possession various items that had previously been stolen from his house. Mr. Miller further testified that appellant had even attempted to sell some of the stolen articles to him.
In applying the above principles of law to the facts and circumstances in this case, we hold that the arresting officers had probable cause (or “reasonable cause” as that term is used in Alabama Code, Section 15-10-3(3) (1975)) to arrest appellant without a warrant. The warrantless search of appellant’s person after he had been taken into custody and the seizure of the jewelry were constitutionally permissible since said search and seizure were “incident to lawful arrest.” Richardson v. State, 376 So.2d 205 (Ala.Cr.App.1978), affirmed Ex parte Richardson, 376 So.2d 228 (Ala.1979).
The trial court properly denied appellant’s motions for a directed verdict, for a general affirmative charge, for a judgment notwithstanding the verdict, and new trial.
*668 The current Alabama statute § 13A-8-16, Code of Alabama 1975, defines the crime of receiving stolen property as follows:
“(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner...
“(b) If a person:
[[Image here]]
“(2) Possesses goods or property which have been recently stolen...
this shall be prima facie evidence that he had the requisite knowledge or belief.”
Mr. Miller testified at trial that his home had been burglarized in early November 1981, wherein jewelry, a quilt, a stereo and a pocketknife had been taken. Evidence was presented showing that appellant was apprehended after a brief struggle on November 24, 1981, and had in his possession several items of jewelry and a pocketknife that Mr. Miller identified as belonging to him. No explanation was given for appellant’s possession of said property. After viewing the evidence in a light most favorable to the State, we find that there was sufficient evidence to support appellant’s conviction of receiving stolen property.
Appellant’s final contention is that the trial court committed reversible error when it failed to give his requested jury charges 1 through 16, inclusive. However, after careful review of the record, we find that this matter is not presented for our review since no objection or exception was made to their refusal. Laffity v. State, 423 So.2d 280 (Ala.Cr.App.1982), and cases cited therein.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.