103 So.2d 759

Roy FREEMAN

v.

STATE.

6 Div. 450.

Court of Appeals of Alabama.

April 1, 1958.

Rehearing Denied May 20, 1958.

452

Tweedy & Beech and Selman & Beaird, Jasper, for appellant

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The Attorney General has filed a motion to strike the transcript of the evidence, and to strike the entire record, because neither was respectively timely filed. This court has considered the motion en banc and has concluded that it is without merit. The motion is therefore overruled.

The indictment against this appellant contained two counts. Count one charged larceny of lumber. Count two charged that appellant "did buy, receive, conceal or aid in concealing" the lumber, "knowing that it was stolen," etc.

The jury returned a verdict finding the appellant guilty as charged in count two.

The evidence for the State tends to show that a man named Waddell was hauling a truck load of lumber on a public highway in Walker County. Waddell was the agent or servant of Mancie Calvert, the owner of the lumber. The truck broke down, and Waddell stacked the lumber on the side of the highway and left. Two days later the lumber was missing.

Further evidence presented by the State tends to show that the appellant and two or three other men, coming upon the lumber, loaded it on their truck and took it away.

The defense evidence was directed to establishing an alibi on the question, and towards impeachment of the State's main witness through prior statements conflicting with his testimony at the trial.

The jury having found the appellant guilty under count two, the "receiving and concealing" count, we confine our review to the evidence in this aspect.

■ To constitute the offense charged in count two, (1) the property must have been stolen, (2) it must be bought, received, or concealed by the accused, (3) with knowledge that the property was stolen goods, and (4) with a felonious intent not to return the goods to the true owner.

■ The evidence presented by the State shows that the lumber had not been stolen at the time it was alleged to have come into appellant's possession. A prior theft of property by some third person, is a prerequisite to receiving stolen goods, knowing them to be stolen. Kilbourne v. State, 84 Ohio St. 247, 95 N.E. 824, 35 L.R.A.,N.S., 766; People v. Jaffe, 185 N.Y. 497, 78 N.E. 169, 9 L.R.A.,N.S., 263.

It is essential to the crime here charged that the goods coming into the hands of the accused be stolen goods at the time the accused received them. Farzley v. State, 231 Ala. 60, 163 So. 394.

The verdict and judgment was contrary to the evidence and the law, and the lower court erred in overruling appellant's motion for a new trial on several of the grounds set forth in the motion.

Reversed and remanded.