182 So.2d 910

**Ralph A. ELLIS**

v.

**STATE.**

**1 Div. 37.**

Court of Appeals of Alabama.

Nov. 2, 1965.

Rehearing Denied Dec. 21, 1965.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged in three counts second degree burglary, larceny, and buying, receiving, concealing, etc., stolen property. The jury found defendant guilty of receiving stolen property. The sentence was for a term of four years.

For the state, William A. Rozier, Manager of Merit Finance Company, also known as the Time Finance Company Incorporated, of Prichard, Alabama, testified he locked the office on Saturday, February 29, 1964. He received a call from the Prichard Police Department and returned to the office about 1:45 on the morning of Monday, March 2nd. The back door had been forced open and the safe was gone. He went from the office to the police station where he saw the safe on the back of a pickup truck. The safe door was off and about $1700 in cash was missing. The value of the safe before it was damaged was around $400.00. The safe was the property of Time Finance Company.

Officers DeMouy and Walters, of the Mobile police department, during a routine

patrol shortly after midnight on March 2nd saw three men standing at the rear of a red pickup truck, backed up to the front of Ralph's Body Shop on Halls Mills Road. (The evidence was that the body shop was operated by defendant.) The men appeared to be covering something on the truck with a tarpaulin. Officer DeMouy testified he got out of the patrol car and walked up to the truck. The three men started walking away hurriedly. One of these men was the defendant. The officer asked them to stop but they kept walking toward their respective cars which were parked nearby. DeMouy pulled back the canvas and saw a safe on the back of the truck. The door had been removed from the safe. The officer then ordered one of the men, Simmons, to stop or he would shoot. Simmons and defendant stopped, but the third man, named Lovell, drove away.

Officer Walters' testimony corroborated that of Officer DeMouy, but he stated that defendant was "fooling with a lock" on the door to his shop when the light was first thrown on him, and after he was placed in the patrol car he told the officer the only thing he knew about the safe was that while he was having a drink at the VFW Club somebody came and told him that a safe was sitting in front of his place of business.

Detectives Mayo and Romagnano arrived at the body shop after the defendant and Simmons had been taken into custody. At Mayo's request the defendant gave him the key and Mayo, Romagnano, Simmons and defendant went into the shop. Before anything was moved a Mr. White arrived and took pictures. (State's Exhibits 1 through 6) On the floor of the shop were were parts from a safe dial. The defendant denied any knowledge of it. On the outside of the building near the truck was an electric drill. Tracks from the safe wheels led from the shop to the back of the truck.

Andrew Gray Hildreth, a Prichard detective, was called to headquarters around one on the morning of March 2nd. He went to the body shop and saw "bits of dial" laying on the desk and floor. He and his partner picked up the pieces and took them to the office of Dr. Grubbs later in the day. Officer Hildreth questioned the defendant and he said he had been out to a club drinking and came back and found the safe outside the door of his place of business and he didn't want the police to find it there, so he loaded it up and was going to get rid of it. He denied taking the safe out there or beating the dial off of it.

Lieutenant Blake of the Prichard police gave testimony corroborative of the other police officers. In addition, he testified when he went to the Time Finance office he found mud grip tire tracks at the rear door of the office. The red pickup truck with the safe on it which he saw at the body shop and which the defendant admitted belonged to his daughter had mud grip tires on the rear wheels.

Dr. Nelson E. Grubbs, a State Toxicologist, testified he found in the cuffs of defendant's trousers white material in all respects similar to safe insulation. Also present in the cuffs and on the soles of the defendant's shoes were little balls of iron. The cuffs around the balls were burned.

For the defendant, Edward H. Nehls testified he was with defendant at the VFW Club from about 6:30 until around 11:00 on the evening of March 1st. He testified to defendant's good character.

John E. Studdard testified he saw defendant at the VFW Club sometime between 9:45 and 11:30 on March 1st. He also testified to his good reputation.

Dewey L. Johnson testified he was with defendant at the body shop from about 9:00 A. M. Sunday morning until around 5:45 that evening and when he left defendant said he was ready to lock up and go home. There was no safe debris there while he was at the shop. He testified the defendant's reputation was good.

Several other witnesses testified to defendant's good character.

The defendant testified after working all day Sunday at the body shop, he went home about six, changed clothes, went back to the body shop, left his car and rode to the VFW Club with Larry Simmons. About 11:45 Simmons drove him back to his shop; that upon arriving there they saw the truck had been moved and the safe was in the back of it covered with a canvas; that this was the first time he had seen the safe or knew it was there; that as he unlocked the shop door a scout car passed and put a spotlight on him. He denied that he had ever been to the Time Finance office or even knew its location. He testified he was handcuffed, threatened, accused of operating the shop as a front. His clothes and shoes were taken from him, together with $28.00 in bills. He denied making a statement to the officers that someone had come to the VFW Club and told him the safe was at his shop. He denied that he tried to walk away from the officers, but said that he walked to the curb to meet them; that no one was there except Mr. Simmons and defendant; that he had borrowed the truck from his daughter to use in clearing some small trees from a lot on South Deer River. The keys were left over the visor. An extra key to the shop was left under a coke pot in front of the building.

■ To sustain a charge of buying, receiving, concealing or aiding in concealing of stolen goods it must be shown that the property was stolen, that defendant bought, received, concealed, or aided in concealing it, knowing at the time that it was stolen, and not having the intent to restore it to the owner. Maughan v. State, 24 Ala.App. 259, 133 So. 918; Moore v. State, 26 Ala.App. 607, 164 So. 761; Freeman v. State, 39 Ala.App. 451, 103 So.2d 759.

■ The possession of stolen property places the burden upon defendant to explain it, and his guilt may be inferred from such possession. McFarling v. State, 35 Ala.App. 191, 45 So.2d 322. The reasonableness of his explanation of his possession of such property is for the jury. McFarling v. State, supra; Dickey v. State, 32 Ala.App. 413, 26 So.2d 532.

■ The facts and circumstances presented questions for the jury's determination and the evidence was sufficient to sustain the verdict. There was no error in the denial of the motion to exclude the state's evidence, in the refusal of the requested affirmative charge nor in overruling the motion for a new trial.

We find no reversible error in the record. The Judgment is Affirmed.

Affirmed.