205 So.2d 576

**Lawrence R. SIMMONS, Jr.**

v.

**STATE.**

I Div. 172.

Court of Appeals of Alabama.

April 18, 1967.

Rehearing Denied May 9, 1967.

———◇———

Thos. M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was argued orally and submitted November 22, 1966.

Simmons was convicted of receiving stolen goods [1] (Code 1940, T. 14, § 338), and sentenced to four years imprisonment in the penitentiary. The property was a $425.00 safe belonging to Time Finance Company of Prichard.

Ellis v. State, 43 Ala.App. 157, 182 So.2d 910, is a companion case.

### I.

February 29, 1964, scomeone broke and entered the office of Time Finance Company of Prichard, Inc., which traded under the name of Merit Finance Company. Mr. William Rozier, the company's manager testified that a Diebold safe had been removed from the premises.

He stated that the safe was worth "in the neighborhood of four or four hundred twenty-five dollars." By the close of business February 28, the company's employees had stored about $1,500 therein.

Messrs. Al Wathers and Glen Demouy, officers of the Mobile police, were patrolling Halls Mills Road in the western part of that city. About midnight, February 29–March 1, they saw at least two men near a pick-up truck which was backed into the front of Ralph's Body Shop. Simmons was one of the men.

The stolen safe was on the truck and the men were pulling a tarpaulin over it. Drill bits were around and the safe was open.

Simmons testified he and Ralph Ellis, owner of the shop, had been to the V.F.W. Club. Simmons drove Ellis to the shop in order for Ellis to get his own car.

Arriving there they spotted the truck and were examining its cargo when the patrolmen drove up.

Certain portions of the State's proof tended to show that Simmons tried to get away but stopped when one of the officers pulled a gun to enforce his hitherto disobeyed order for Simmons to stop.

### II.

In Duncan v. State, 278 Ala. 145, 176 So. 2d 840, the opinion states:

"When a police officer arrests without a warrant, and the defendant objects to the introduction of evidence claimed to be incident to such an arrest, the burden is on the State to show that the arrest was lawful. Knox v. State [42 Ala.App. 578, 172 So.2d 787]. * * *"

Based on this appellant contends that there was not sufficient reasonably probable cause for Wathers and Demouy to arrest Simmons without a warrant. From this it is contended that evidence of the finding of the safe was not admissible because it was not incident to a valid arrest.

However, the safe was not seized on premises or property owned or controlled by Simmons nor in a vehicle so owned or controlled. Moreover, there was no proof of Simmons having any interest other than from the occasion of Ellis's asking him to drop him off at Ellis's place.

In Aldridge v. State, 278 Ala. 470, 179 So.2d 51, a coram nobis review, reliance could have been put on Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, and thus obviated the claim of the State's illegal usufruct of search and seizure for a pistol. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, came down June 19, 1961.[2]

Nevertheless the court, albeit arguendo, noted that on the original trial Aldridge

---

1. This was the charge against Simmons in Count Three of the indictment. The court in its oral charge directed the jury there had been no evidence to support Count One (second degree burglary) or Count Two (grand larceny).
2. Linkletter v. Walker, supra, p. 639, 85 S.Ct. p. 1743: "Nor can we accept the contention of petitioner that the Mapp rule should date from the day of the seizure there, rather than that of the judgment of this Court. The date of the seizure in Mapp has no legal significance. It was the judgment of this Court that changed the rule and *the date of that opinion is the crucial date.*

testified the pistol belonged to his wife. The opinion states:

"The right to protection against an unlawful search is personal, and a defendant in a criminal case who denies any proprietary or possessory interest in seized property has no standing to object to the method of seizure. * * *"

Appellant relies on United States ex rel. Eastman v. Fay, D.C., 225 F.Supp. 677, to show that mere guests, invitees and perhaps others with status less august than that of tenants have standing to assert constitutional rights against unlawful searches and seizures.

Eastman, the petitioner in United States v. Fay, was personally seized in a corridor of an apartment building, pushed through an open doorway into the apartment of a young lady on whom he was calling and forced to disrobe. The incriminating narcotics were found in a wastepaper basket.

■ Without going into Judge Tyler's views of the retrospectivity of *Mapp*,[3] we think United States v. Fay is readily distinguishable from the facts here shown. Particularly do we note that Simmon's sole invitation—according to his testimony—was to discharge his passenger, Ellis. That this welcome was enlarged to extend to investigate the claimed strange truck and cargo still conferred no interest within the Constitution.

The Constitution protects "persons, house, papers, and effects" to be secure against unreasonable searches and seizure. Simmons in no wise claimed either the claimed stray safe nor the supposedly abandoned truck.

Applied here, we consider Simmons had no standing to complain of the seizure of the stolen safe without a warrant. Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514.

■ That Simmons was arrested at the same time was a parallel event. In no wise do we consider the seizure as being from the person or property of the defendant. His interest in the safe was either innocently inquisitive or feloniously acquisitive. This choice was for the jury.

Also, his movements would permit of an inference that Simmons sought to flee. We consider Tiner v. State, 279 Ala. 126, 182 So.2d 859, contains apt reasoning:

"By the terms of Section 154, Title 15, Code of Alabama 1940, an officer may arrest any person at any time without a warrant when a felony has been committed and the officer has reasonable cause to believe that the person arrested committed the felony.

"The officers arresting Tiner knew that Sheriff Woodham had been shot, and that a felony had been committed. They were engaged in a general search for the sheriff's assailant or assailants. Just as they stopped at the service station Tiner was seen walking or running towards a wooded area to the rear of the service station. "Where officers have reasonable cause to believe a felony has been committed, the observed conduct of a suspect may, under certain circumstances, furnish 'reasonable cause' for believing the suspect to be the perpetrator of the felony. United States v. Heitner, (2CCA), 149 F.2d 105.

"Flight, though not conclusive, is usually evidence of guilt, and if a suspect flees at the approach of officers having knowledge of, or reasonable cause to believe,

---

In the light of the cases of this Court this is the better cutoff time. * * *" (Italics added.)

3. The judgment was reversed by the Second Circuit at 333 F.2d 28. The authority for this action is found in the latter court's en banc judgment in United States, ex rel. Angelet v. Fay, 2 Cir., 33 F.2d 12. It was affirmed. Angelet v. Fay, 381 U.S. 654, 85 S.Ct. 1750, 14 L.Ed.2d 623, is a companion case to Linkletter v. Walker, supra.

that a felony has been committed, there can be no doubt but that such conduct furnishes a reasonable cause for believing that the suspect committed the felony. United States v. Kancso, (2CCA), 252 F. 2d 220; Price v. State, 227 Md. 28, 175 A.2d 11."

██ Considering the presence of a stolen safe, opened, steel drills in the vicinity, the late hour and Simmons's flight, we hold the arrest was lawful. The taking of the safe by the police was justified both as preserving evidence and as preliminary toward getting it to its true owner.

We conclude the judgment is due to be

Affirmed.

## On Application for Rehearing

██ First, the failure of the committing magistrate to preserve the testimony against the defendant before indictment is not, per se and of itself, an irregularity which can be raised as a point of error in the trial on the indictment. Cf. Green v. Bomar, 6 Cir., 329 F.2d 796.

Second, whether or not Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, requiring the prophylaxis of a voir dire absent the jury applies to a search and seizure we need not decide. This because Simmons, on the record, had no standing to object to the seizure of the safe. We find no analogy to Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

Application overruled.