219 So.2d 382

**Willie SHAW**

v.

**STATE of Alabama.**

**8 Div. 265.**

Supreme Court of Alabama.

Feb. 13, 1969.

John S. Key, Decatur, for appellant.

McDonald Gallion, Atty. Gen., and Wal-ter S. Turner, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

A petitioner for writ of error coram nobis appeals from a judgment denying the writ and ordering his return to prison.

By indictment returned by the grand jury and filed in open court on June 20, 1934, petitioner had been charged with robbery. The grand jury charged that defendant took twenty-five dollars in currency and change from G. P. Madry by violence to his person or by putting him in such fear as unwillingly to part with the same. The minutes of the circuit court show that defendant appeared in open court "in his own proper person and by attorney" on June 20, 1934; that on that date he filed in writing a waiver of a special venire; that he was arraigned on the indictment and pleaded not guilty thereto; and that the cause was set for trial on June 21, 1934. The minutes further recite that on June 21, 1934, came the state by its solicitor and "the defendant in his own proper person" and entered his plea of not guilty; that, issue being joined, came a jury, to wit, W. T. Crawford and eleven others, who, having been duly empaneled and sworn and having heard the evidence and charge of the court, returned a verdict finding petitioner guilty and fixing his punishment at ninety-nine years in the penitentiary.

The court rendered judgment of guilt and on June 22, 1934, the court sentenced defendant to imprisonment in accord with the verdict.

Petitioner testified that, since his conviction, he had been paroled three times and had been out on parole a total of about eight years. At the time of filing the instant petition, he was serving his sentence in the penitentiary. He had not been convicted of any other offense.

In 1966, petitioner filed the instant petition and counsel was appointed for him and

represented him in the trial court and in this court. After taking testimony ore tenus, the court rendered judgment denying relief and petitioner has appealed from that judgment. His counsel states his contention in brief as follows:

"It is petitioner's contention that the judgment of the trial court is not supported by sufficient evidence inasmuch as it affirmatively appears from the evidence and exhibits introduced at the hearings on his petition for writ of error coram nobis that he was denied the benefit of effective legal counsel at his original trial in 1934. . . ."

■ Petitioner's testimony is to effect that he was not represented by any lawyer on his trial in 1934. Part of his testimony is as follows:

"Q All right. I will ask you if you remember being represented by a lawyer at your arraignment?

"A No, sir. I sure doesn't. The only thing I remember was that Judge Horton told me—

"THE COURT: Is that who tried you?

"THE WITNESS: Yes, sir.

"THE COURT: All right.

"THE WITNESS: Told me that I would—that he would appoint a lawyer for me.

"Q And, Willie, when was this?

"A That was the day they brought me over here to this courthouse.

"Q Was that the same day of your trial?

"A Yes, sir.

"Q Might it possibly have been the day before?

"A No, sir. It was the same day.

"Q To the best of your knowledge?

"A To the best of my knowledge it was the same day.

"Q And what did the Judge do?

"THE COURT: Say it was the same day and not the day before?

"THE WITNESS: No, sir. It was the same day. It was the same day.

"Q And what did the Judge do? What did he say about a lawyer?

"A He asked Mr. Powell would he be attorney for me, and Mr. Powell, Mr. Newton Powell was a young fellow. He was real young. He and Mr. Hunt was there together.

"Q All right.

"THE COURT: He and Mr. Fred Hunt?

"THE WITNESS: Yes, sir. Mr. Fred Hunt.

"THE COURT: Were there in court together?

"THE WITNESS: Yes, sir. They was there at the time.

"THE COURT: Was that—excuse me. I didn't understand you (were) there at the time.

"THE WITNESS: Mr. Freddy Hunt and Mr. Newton Powell were at the time. Mr. Newton Powell was real young; just came out of school at the time.

"THE COURT: All right.

"THE WITNESS: But during my time I didn't see a lawyer.

"Q All right. Willie, but it is your testimony that the day of the trial the Judge appointed Mr. Powell as your lawyer?

"A Yes, sir. Mr. Hunt went along with Mr. Powell.

"Q Is that Judge Newton Powell?

"A Newton Powell.

"THE COURT: Oh, he appointed Mr. Hunt and Mr. Powell?

"THE WITNESS: I don't know if he appointed them both but they were together at the time. They talked together.

"Q All right. Then did they commence with your trial that day?

"A No, sir. They did not.

"Q They didn't try you that day?

"A Yes, sir. They tried me that day. They tried me that day. I misunderstood you. I'm sorry, sir.

"Q And during the trial of your case, did you have a lawyer?

"A No, sir. I didn't see one. My best judgment—to my rememberance I didn't see one.

"Q In others words, the best of your rememberance you didn't have a lawyer during the trial of your case?

"A No, sir. I sure didn't.

"Q But you—but would you say, Willie, that even if your memory doesn't serve you correctly, if you had a lawyer, that he was appointed the day of the trial?

"A Yes, sir.

"Q In other words, the Judge did appoint—

"A Yes, sir. He said he appointed him.

"Q To the best of your knowledge you didn't have the benefit of Judge Powell's assistance at the trial?

"A No, sir. I sure didn't."

On the docket sheet for the trial of Case

"1302
No. 2164," styled: "THE STATE vs. Willie Shaw" and dated "SET FOR HEARING JUN 21, 1934" appears the following:

"ATTORNEYS Powell"

At the bottom of the page the following appears:

"(REPORTER'S NOTE: The above is in form print.) (The words 'Willie Shaw, Powell, Robery (sic), (and 6/20/-34' were handwritten.)"

It appears that the attorney whose name is shown on the docket sheet is now Judge Newton B. Powell, the Presiding Judge of the 8th Judicial Circuit. Judge Powell testified on the hearing of the instant petition. Part of his testimony is summarized in appellant's brief as follows:

". . . He started practicing law about May 27, 1934 but his license wasn't issued until October but he finished law school and started practicing before they were issued. He was admitted to practice in the Circuit Court in May or the first of June. He was familiar with the handwriting of the waiver of special venire and testified that it was written in his handwriting. He testified that he prepared the waiver and the handwriting was definitely his. (R. p. 76) Judge Powell remembers that he represented Willie Shaw but did not recall the details of the evidence in the trial except for the fact that there was a peculiar dime that identified the defendant and that the dime was found on his person. Judge Powell recalls that it was a bad case from the defense point of view but he doesn't remember the details of the case. As he recalls, the Judge was Judge Callahan rather than Judge Horton. In his best judgment, the writing on the docket sheet was that of Judge Callahan. Judge Callahan is now dead and so is Wade Wright, the prosecuting attorney. (R. p. 80) He examined the jury list on file in the case and is familiar with some of the people on the list. He saw no inconsistencies in the way the list appeared to be struck. He has no specific recollec-

tion of striking the jury. He has no specific recollection of any of the events in the trial itself. (R. p. 82) He never had a client go to trial without being present in the courtroom. (R. p. 82) He remembers enough to say that he tried the case. He states that he has never tried a case without sitting at the table with his client, and never tried one without examining the defendant's witnesses. He does not remember an occasion where his client or anyone else's in a criminal case tried by Mr. Wade Wright was called to the stand by the State to testify. Judge Powell recalls that the case was a bad one from the standpoint of defense."

We do not understand that any material question of law is at issue on this appeal. Both petitioner and the state appear to concede that if petitioner did not in fact have the effective aid of counsel on his trial in 1934, he would be entitled to relief on his petition for writ of error coram nobis. Shellnut v. State, 280 Ala. 28, 189 So.2d 590; White v. State, 43 Ala.App. 535, 195 So.2d 542; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The question on this appeal is one of fact, that is, whether the judgment appealed from is justified by the evidence on which it rests.

We think the evidence sustains a finding that counsel did represent petitioner at arraignment and trial in 1934.

Petitioner argues, however, that he was denied the right to effective counsel. He says in brief:

" . . . That the defense of a capital case, a case characterized by Judge Powell as a 'bad one' could be adequately prepared in less than one day is absurd. At best, we here have a case of a person charged with a capital offense, indicted and arraigned on one day, tried and convicted on the next day, and, as would be expected, sentenced to 99 years in prison. We earnestly submit to this

Honorable Court that such expeditious proceedings were as effective to vitiate petitioner's right to court appointed counsel as if no appointment was made. If a continuance was requested and denied by the Court, the petitioner was most certainly denied his right to effective counsel. If no request for continuance was made, the result is the same."

The matters to be considered in determining the adequacy of time allowed for preparation for trial have been stated as follows:

"Whether the time allowed counsel for a defendant for preparation for trial is sufficient will depend upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and the pertinent facts, and the availability of material witnesses. (Citations omitted.)" Ray v. United States [8 Cir.], 197 F.2d 268, 271. Petitioner alleges in his petition:

"8. Petitioner was denied the right to effective counsel in that the indictment against him was rendered on June 20, 1934, he was arraigned on June 20, 1934, and was tried and convicted on June 21, 1934, not having sufficient time to prepare a defense to the charges against him, and in that his Court appointed counsel was appointed not more than one day prior to his trial and did not have sufficient time in which to properly prepare a defense to the charges against your Petitioner, and in that the case was not continued."

The petitioner has the burden of proving the allegatoins of his petition. The record is vague and indefinite as to what facts and circumstances existed with respect to his defense and trial in 1934. We are not persuaded that he has supported the burden which he assumed. All that the evidence shows with any certainty is that his counsel was appointed one day and he was tried the next day. We do not think that we are required, or even permitted, to say, as a matter of law, that appointment of

counsel on one day and trial the next in a capital case denies the accused his constitutional right to effective representation by counsel. We cannot say that the court was plainly and palpably wrong in refusing to find that petitioner had been denied either sufficient time for preparation for trial or effective representation by counsel.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

BLOODWORTH, J., having presided on the trial of this cause in the circuit court, did not participate.