269 So.2d 175

Jerry Wayne **HOPKINS**

v.

**STATE.**

**8 Div. 191.**

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

**160**

Hopper & Hornsby and Lloyd D. Baldwin, Jr., Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

ALMON, Judge.

Jerry Wayne Hopkins was convicted of robbery and his punishment was fixed at twenty years in the penitentiary.

Tim Logan testified that on January 6, 1971, at approximately five thirty in the afternoon he was working at the Men's Factory Outlet, a clothing store in Huntsville. He stated that the appellant entered the store as a soldier was leaving; that the store was well lighted; and that no one was in the store with him except Phillip Williams, the son of the owner, who was assisting him. He stated that the appellant went to the rear of the store to look at some pants. He stated that as he turned around, he saw Phillip Williams come to the front of the store and state to him, "Tim, he's got a gun," and saw that the appellant did have an automatic pistol pushed into the back of Phillip Williams. The appellant handed a paper bag to Logan and stated, "Put it all in here," and that he then opened the cash register and put all of the money in the brown paper bag. The appellant then stated to both of them, "This isn't enough money. I'm going to have to have more than this or I am going to shoot you." At this point Phillip Williams emptied his pockets of $3.00 and Tim Logan took $40.00 in currency from his billfold and placed it in the paper bag. At this time the appellant was standing from three to four feet away from Mr. Logan.

Following this, the appellant pulled the telephone cord from the wall, told both of them to go to the back sewing room, and stated, "If you come out I'll kill you. Stay in here two or three minutes and then you can come out." Tim Logan further testified that they waited approximately three minutes, then went next door and telephoned the police, and that he saw no sign of the appellant as he came out of the store to make the telephone call. Tim Logan further testified that he gave a description of the appellant and his clothing to the police officers who were there within five or ten minutes following the telephone call.

Phillip Williams, the son of the store owner corroborated Tim Logan's testimony.

Detective Charles C. Norment of the Huntsville Police Department, Robbery Squad, testified that he investigated the call received at approximately five forty-five on the afternoon of January 6, 1971, to go to the Men's Factory Outlet store. He testified that he went to the store and talked with Officers Sims and Tichenor who had interviewed both victims and received a description from them of the suspect. Detective Norment further testified that after communicating with police headquarters, he and another officer went to a boarding house located at 3407 Sixth Avenue, which was approximately two blocks distance across Governors Drive from the scene of the robbery. He stated that he arrived there with Detective Lee shortly before seven o'clock in the evening and went to the front door of the dwelling house. He stated that he knocked at the door and stated, "This is the police," and that two shots were fired from inside the house, coming through the door about belt high. He testified that he and Detective Lee then radioed for help. He stated that Officers Sims and Tichenor went to the rear of the house and that three persons fled from the rear, one of whom was J. T. Shelton. The officers then awaited

State officers who fired a tear gas bomb inside. After this, the appellant came out with his hands up and surrendered. Mr. Norment testified he went inside the house and picked up a thirty-two caliber automatic pistol and three shell hulls which were three or four feet inside the front door of the house. Photographs of the scene of the arrest were also taken and subsequently admitted in evidence. The appellant had several thirty-two caliber automatic shells in his pocket at the time of the arrest.

The State also presented the testimony of J. T. Shelton who testified that the boarding house at 3407 Sixth Avenue, Southwest, Huntsville, belonged to his mother and on January 6, 1971, he was present with the appellant, Jerry Wayne Hopkins, Marshall Hodge, Pat Maynard, and Donnie Woods and that they had been drinking wine at the house most of the day, having consumed approximately four quarts. He further testified that the night the police officer rapped on the door he saw the appellant fire twice through the front door, and that he and the other three men, Hodge, Maynard, and Woods, fled through the rear door where they were apprehended by police officers. He stated that the appellant pulled the gun and started shooting and that he subsequently heard the shots fired from within.

Appellant objected to the jury venire in this cause in that one of the prospective jurors had been excused without the appellant personally being present at the time. The State's evidence showed that the appellant had been served with a copy of the full venire more than one day prior to the date of trial. The evidence further showed that the venire was in all respects regular and that a sufficient number of qualified jurors were present at the trial. We conclude that the appellant's objection to the excusing of this juror is without merit. Act 531, Acts of Alabama, 1969, Regular Session; Bowman v. State, 44 Ala. App. 331, 208 So.2d 241.

■ Appellant also challenges the in-court identification by witnesses Logan and Williams as having been founded on an improperly suggestive viewing of a "police mug book." We have carefully considered the record in this regard and find that both victims separately viewed the Huntsville mug book containing a number of photographs without the appellant having been singled out to either. This was done by the police officers without allowing either victim to consult with the other, and each separately identified the appellant. This occurred shortly after eight on the evening of the robbery while their memories were fresh. Each victim made an independent identification of the appellant in court at trial and, considering the totality of the circumstances as we must do under Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, we find that the trial court correctly allowed the identification of the appellant by witnesses Logan and Williams to be submitted to the trial jury. McGhee v. State, 48 Ala.App. 330, 264 So.2d 560, and cases cited therein.

Appellant contends that the evidence pertaining to his arrest at the boarding house at 3407 Sixth Avenue, Southwest, Huntsville, was improperly admitted in that such had no bearing or connection to the robbery and was too far removed in time and place to be part of the res gestae.

■ The general rule in Alabama is that evidence of district and independent offenses is not admissible on trial of persons accused of a crime. Mason v. State, 259 Ala. 438, 66 So.2d 557, and cases cited therein.

■ We believe that the evidence in this cause, however, falls within the rule enunciated in Tillison v. State, 248 Ala. 199, 27 So.2d 43, as follows:

". . . The rule is stated in 16 C.J. 576, § 1116; 22A C.J.S. Criminal Law, § 667, as follows: 'Ordinarily the acts, conduct, and statements of accused at the time that he surrendered or was arrested, and after he was arrested, are so separated in time, place, or circumstance from the commission of the offense as to lack the spontaneity necessary to make them a part of the res gestae; but they are admissible as part of the res gestae under some circumstances, as where the arrest was made or attempted shortly after the commission of the offense and the acts or statements were done or made while the mind was still acting under the exciting cause of the occurrence.' Brown v. State, 11 Ala. App. 321, 66 So. 829."

See also Lackey v. State, 41 Ala.App. 46, 123 So.2d 186, cert. denied 271 Ala. 699, 123 So.2d 191.

In addition, from Starling v. State, 18 Ala.App. 610, 93 So. 221, we find:

"Besides, this evidence would be admissible in proving flight and a consciousness of guilt. . . ."

Here, the State had offered evidence to prove flight; hence, any statements or acts of the accused relevant to this inquiry were admissible. Ragland v. State, 37 Ala.App. 542, 71 So.2d 535.

■ Where, as here, the police officers upon investigating the robbery went to a boarding house located approximately two blocks away, within one hour after the robbery in question, and as above stated, evidence of flight having been first adduced, we believe the facts and circumstances of the arrest of the appellant to have been properly admitted as falling within the rules as hereinabove set forth.

■■ Finally, the appellant objected to the admission in evidence of the automatic pistol, shell hulls, and photographs of the boarding house where he was arrested. Where, as here, the officers are in the process of investigating a felony of which they had been apprised and had reasonable cause to believe that the appellant had committed the crime, such arrest and subsequent search incident thereto were entire-

ly proper. Moreover, in light of his firing at the officer with the pistol in question, we believe the officers' entry into the premises to look for any companions was entirely proper and the evidence obtained as a result of entering the house was properly admitted. See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; Simmons v. State, 44 Ala.App. 212, 205 So.2d 576; Hodges v. State, 48 Ala.App. 217, 263 So.2d 518.

We have carefully considered the entire record under the requisites of Code of Alabama, 1940, recompiled 1958, Tit. 15, § 389, and conclude that the judgment below is due to be

Affirmed.

All the Judges concur.