326 So.2d 144

Jerry Wayne **HOPKINS**

v.

**STATE.**

8 Div. 686.

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Rehearing Denied Jan. 20, 1976.

James M. Dyer, Huntsville, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant filed a *pro se* petition for writ of error coram nobis in the Circuit Court of Madison County, containing nine separate grounds, seeking to overturn a 1971 conviction for robbery in which he was sentenced to twenty years in the penitentiary. Upon the filing of this petition the judge who presided at the robbery trial appointed counsel to represent him, and set a date to hear the petition.

Appointed counsel filed a supplemental petition to the *pro se* petition in which he alleged the following errors in the original trial:

1. Failure of the trial court to keep the jury sequestered in a felony case.

2. Denial of counsel at a pre-indictment identification process which was suggestive and conducive to mistaken identity.

3. Denial of counsel at preliminary hearing.

The appeal from the original conviction was affirmed by this court on October 24, 1972. *Hopkins v. State,* 49 Ala.App. 159, 269 So.2d 175.

█ Appellant asserts that the first and third propositions were not raised on direct appeal to this court and that the second proposition received limited review by Judge (now Justice) Almon in his opinion in *Hopkins,* supra. We disagree that the second proposition only received limited review on direct appeal in this case. There it was said:

"Appellant also challenges the in-court identification by witnesses Logan and Williams as having been founded on an improperly suggestive viewing of a 'police mug book.' We have carefully considered the record in this regard and find that both victims separately viewed the Huntsville mug book containing a number of photographs without the appellant having been singled out to either. This was done by the police officers without allowing either victim to consult with the other, and each separately identified the appellant. This occurred shortly after eight on the evening of the robbery while their memories were fresh. Each victim made an independent identification of the appellant in court at trial and, considering the totality of the circumstances as we must do under *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, we find that the trial court correctly allowed the identification of the appellant by witnesses Logan and Williams to be submitted to the trial jury. *McGhee v. State,* 48 Ala. App. 330, 264 So.2d 560, and cases cited therein."

█ We have carefully read the petition filed in this case and there is no allegation that petitioner was innocent of the crime charged or that he had a valid defense. The original transcript of the evidence of the robbery conviction was introduced in evidence on the hearing of this petition and it shows that appellant did not testify. Under a long line of cases of this court and the Supreme Court the failure to assert a valid defense and innocence of the crime is fatal in such proceedings. *Mack v. State,* 51 Ala.App. 611, 288 So.2d 150; *Ex parte Taylor,* 249 Ala. 667, 32 So.2d 659; *Ex parte Fewell,* 261 Ala. 246, 73 So.2d 558; *Rickard v. State,* 44 Ala.App. 281, 207 So.2d 422; *Upshaw v. State,* 50 Ala. App. 172, 277 So.2d 917.

On the question of the separation of the jury the record on the original trial showed two recesses, one during the trial for fifteen minutes and one for the night. The record at these points does not indicate whether the jury separated or not. If

there was a separation of the jury, the record of the robbery trial shows no objection to the separation nor a motion for a mistrial on that ground. There was no motion for a new trial.

In addition to the record of appellant's robbery trial appellant offered witnesses who testified that according to their best recollection the jury was allowed to separate with the consent of the parties. No one was sure whether or not appellant personally consented to the separation, except the appellant. He was sure he did not consent. Assuming that the jury was allowed to separate without appellant's consent, the original record reveals no objection, no motion for a mistrial and no motion for a new trial. Thus that question could not have been raised in appellant's original appeal. *Kenny v. State,* 51 Ala. App. 35, 282 So.2d 387; *Brown v. State,* 53 Ala.App. 674, 304 So.2d 17.

The function of a writ of error coram nobis is not to relieve a party of his own negligence of not raising issues at the time of trial when he had full knowledge of the facts. *Senn v. State,* 43 Ala.App. 323, 189 So.2d 870.

The office of a writ of error coram nobis is to bring to the attention of the court for correction of an error of fact which did not appear on the face of the record, which was unknown to the court or party affected and which, if known in time, would have prevented the judgment challenged. *Groce v. State,* 48 Ala.App. 709, 267 So.2d 499.

In *Horsley v. State,* 42 Ala.App. 567, 172 So.2d 56, this court said:

"Coram nobis is not a plenipotentiary mission to retry indictments: it is a carefully guarded engine to root out egregious fraud or collusion leading to a judgment. *Willis v. State,* 42 Ala.App. 85, 152 So.2d 883; *Duncan v. State,* 42 Ala.App. 111, 154 So.2d 302."

On the question of lack of counsel at preliminary hearing the short answer to this contention is that the County Judge testified that appellant appeared before him and he offered to appoint counsel and appellant said it was not necessary to appoint counsel as he desired to waive a preliminary hearing and asked the court to fix bond. The County Judge fixed bond on the robbery charge at $10,000.00 and on the two assault to murder charges bond was fixed at $5,000.00 in each case, and he was bound over to await the action of the grand jury, and he was indicted.

Where the grand jury found probable cause and returned an indictment the appellant had no constitutional right to a preliminary hearing. *Ex parte Campbell,* 278 Ala. 114, 176 So.2d 242.

During the hearing of this petition the trial judge testified as follows:

"THE COURT: My name is David R. Archer. I am a Judge. I was the Presiding Judge in the case of Jerry Wayne Hopkins on a charge of robbery. I state that the jury, having separated, was separated with the consent of the parties. I do not state that the defendant himself stood before me and said that he agreed that the jury be separated, but I do state categorically and without equivocation that the attorney for the defendant and/or the defendant himself, either individually or collectively, one or the other or both, consented to the separation of the jury during this trial. Otherwise, they would not have been separated."

At the conclusion of the hearing the trial court rendered the following decree:

*"ORDER*

This cause coming on to be heard on a Petition for a Writ of Error Coram Nobis, filed by the Petitioner.

On April 13, 1971, at the trial of the Petitioner, the jury returned a verdict find-

ing the Petitioner guilty of robbery and setting his punishment at twenty (20) years in the penitentiary.

The Petitioner applied for and received an appeal in said cause.

The Court of Criminal Appeals affirmed the finding of guilty and the sentence by Decree of the October Term, 1972–73.

The Present Petition was filed by Petitioner on December 13, 1974, alleging among other things that the jury was allowed to separate without Defendant's consent or permission.

Page T–63 of the trial transcript shows that the State moved to recess to put exhibits in proper order and the Court at that time said, 'We will recess until in the morning at nine o'clock.

Ladies and Gentlemen of the Jury, I caution you not to discuss this case among yourselves or with anyone else and do not permit anyone to discuss it with you.' And again on Page T–83, the judge said to the jury, 'Ladies and Gentlemen, we will take a recess at this time. I will give you fifteen minutes. That will give you time for coffee. In all probability when you return, we will hear the closing arguments of counsel. We may or may not. We will determine that then. In the meantime, however, I caution you not to discuss this case among yourselves or with anyone else and do not permit anyone to discuss it with you.'

The attorney who represented the Defendant-Petitioner at that trial gave testimony under oath that at the time of the trial, he was aware of the statutory provision which authorized the jury to separate in a capital or felony case with the consent of the defendant or Defendant's attorney or both and with the consent of the State of Alabama by and through its District Attorney.

Separation of the jury was not raised by the Petitioner on his appeal in this cause and is now raised for the first time by his Writ for Error Coram Nobis.

On the hearing of the Petition for Writ of Error Coram Nobis, the Court finds that permission to separate the jury during the trial was granted, either by Defendant, of Defendant's counsel or consent by both.

The Court finds no merit in the allegations in paragraph one, two, three, four, five, six, seven, eight and nine.

The Court, having heard the testimony of the Petitioner, counsel for Petitioner (Defendant), at the time of the trial, and a statement under oath and cross-examination by the judge who presided at the trial, finds that the Petitioner is not entitled to have his Petition for a Writ of Error Coram Nobis granted.

It is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that the Petition for a Writ of Error Coram Nobis is denied.

This the 7th day of April, 1975.

/s/ David R. Archer
CIRCUIT JUDGE"

■ A petition for a writ of error coram nobis is a civil proceeding and the burden is on the petitioner to prove the allegations of the petition. *Ex parte Wilson*, 275 Ala. 439, 155 So.2d 611; *Shaw v. State*, 283 Ala. 555, 219 So.2d 382.

■ We are not persuaded that appellant has carried the burden cast upon him by law.

The judgment is affirmed.

Affirmed.

All the Judges concur.