JOSEPH J. MULLINS, Retired Circuit Judge.
The grand jury of Cullman County charged the appellant, David Currington, with second degree burglary of the dwelling house of Loyd T. Hays. Appellant entered a plea of not guilty. The jury found appellant guilty as charged, and the trial court set sentence at ten years imprisonment in the penitentiary. The appellant’s motion for a new trial was denied and he appeals to this Court.
On August 20th, 1976 the trial court appointed counsel to represent the appellant. Appellant was duly arraigned, and entered a plea of not guilty. Appellant’s court appointed counsel continued to represent appellant at all hearings thereafter up until November 29th, 1976 the day the case was set for trial. On November 29th, 1976 when the case was called for trial, appellant requested the court to appoint a different counsel to represent him. There was a hearing on this request out of the presence and hearing of the jury. No valid reason was shown to the court for the removal of counsel hence the request was denied. Appellant then requested the court to allow him to represent himself in his trial, and to have his court appointed counsel assist him only in striking the jury. This request was heard out of the presence and hearing of the jury. The court pointed out to the appellant many reasons why he should have counsel. Appellant stated to the court, “I want to have counsel removed and represent myself,” and again, “if I can I would like counsel to help me strike the jury, but, after that I don’t want him.” At the conclusion of the hearing the trial court entered the following order: “It is therefore, considered, ordered and adjudged that the defendant, David Currington, be allowed to represent himself in this cause but that Attorney Hayden R. Battles will be present to assist the defendant, if the defendant so desires.”
The appellant has a right to have counsel, he also has a right to defend himself. These rights can be waived by the accused, however there is a duty on the trial court to protect these constitutional rights, and to assure that they are known to the accused and have a hearing to determine whether or not there is an intelligent and competent waiver of them by the accused. Upon reviewing the entire colloquy between the trial judge and the appellant with reference to appellant representing himself, we hold that the trial court ably and fully protected both rights in allowing *713 the appellant to represent himself, and in requiring counsel to be present to assist the appellant if the appellant so desires. Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429; Hopkins v. State, 57 Ala.App. 78, 326 So.2d 144; Ball v. State, Ala.Cr.App., 337 So.2d 31; certiorari quashed, Ala., 337 So.2d 89.
The appellant’s court appointed counsel was present at all stages of the trial in the trial court, and under court appointment represents the appellant in this Court.
State’s evidence tended to prove that about 5:30 P.M. on December 31, 1975, the appellant together with his brother, Jackie Currington, and Shirley Pace and Melba Brooks went to the home of Mr. Loyd T. Hays and his wife, Janice Hays, for a visit; that all four were drinking, and visited with Mr. and Mrs. Hays for about thirty to sixty minutes; that all except Mrs. Hays had a drink or two of whiskey; that during the visit the appellant was shown Mr. Hays’ 12 gauge full choke 30 inch barrel western shotgun; that about 6:30 P.M. Mr. and Mrs. Hays told appellant and his companions that Mr. Hays and his family were invited out for the evening and asked them to leave; that appellant and his companions left the Hays home, and about ten minutes later Mr. and Mrs. Hays, together with their two children, after closing all doors and windows, left their home; that when Mr. Hays and his family returned home that night about 11:45 P.M., they found a window they left closed had been opened, the shotgun of the value of $100.00, about thirty tapes of the value of $2.00 to $5.00 each, and their personal papers, diplomas, insurance, and children’s birth certificates that were kept in a dresser drawer were gone; that on January 1,1976 Mr. Hays got his shotgun back from a law enforcement officer.
State’s evidence further tended to show that the appellant and his companions came back to Hays’ house about an hour after they left; Mr. Hays and his family were not at home; that the appellant went in the house, got the shotgun and tapes and put them in his car. Appellant and his companions then drove over to the home of one Herschel Gorham where appellant got the gun out of the car and offered to sell it to Gorham; failing in this he put the shotgun back in the car, and appellant and his companions went to Jack’s Truck Stop and all four went in; in a few minutes one Clarence Crawford came in Jack’s Truck Stop; that appellant went to his car and got the shotgun out of the trunk and came in the Truck Stop and drew the shotgun on Crawford; the police were called, and came up and appellant ran out of the door of the Truck Stop and into the woods with the gun in his hands; that in a few minutes appellant was caught in the woods, behind Jack’s Truck Stop, and put under arrest for public drunkenness. The next morning the gun was found up under a low limb of a pine tree about ten feet from where the appellant was arrested.
The appellant was not a witness in his behalf but offered three witnesses for the purpose of impeaching testimony of some of the state’s witnesses.
Upon the conclusion of state’s evidence the appellant moved to exclude the state’s evidence because there was no evidence of intent to steal. Mr. Hays testified that appellant had no right to go in Mr. Hays’ home and get the gun and tapes. That he told the appellant that he could borrow the shotgun. That at the time appellant got the gun he did not have Mr. Hays’ consent to take it. Mrs. Hays’ testimony was cumulative to Mr. Hays’ testimony except that she testified she did not hear Mr. Hays tell appellant he could borrow the gun. That Mr. Hays had a head injury that affected his memory.
We hold that the evidence of the appellant’s attempt to sell the shotgun, that the gun was found the next day in the woods within ten feet of where appellant was arrested; and that the tapes were not returned to their owner, and that the gun was returned to the owner by an officer of the law and not by or at the request of appellant, that the gun and tapes were taken when their owner was absent from his home, are facts, if believed, from which the *714 jury could find an intent to steal. The motion to exclude state’s evidence was properly overruled by the trial court. Young v. State, 283 Ala. 676, 220 So.2d 843; Curry v. State, Ala.Cr.App., 341 So.2d 972; certiorari denied, Ala., 341 So.2d 974; Morton v. State, Ala.Cr.App., 338 So.2d 423; certiorari denied, Ala., 338 So.2d 428.
Appellant contends that his conviction should be reversed because of the trial court’s ruling as shown by the following portion of the transcript of the evidence during the direct examination of Melba Brooks, a witness for the State:
“Q. All right. What happened at Jack’s Truck Stop?
“MR. BATTLES: We object to that as being irrelevant, immaterial and too far removed from the time and place of the alleged burglary.
“THE COURT: Are you going to connect this up, Mr. Harris, with the parties involved previously, what happened, some of the property down there?
“MR. HARRIS: Yes.
“THE COURT: Overruled.
“Q. (BY MR. HARRIS) Was David Currington there at Jack’s Truck Stop?
“A. Yes, he was.
“Q. Was the gun that was taken from Mr. Loyd Hays there too?
“A. Yes, it was.
“Q. From the time that you left Mr. Hays’ home the second time, were you with David Currington the entire time?
“A. Yes, I was.
“Q. And was that gun, was the gun and the tapes with you also in the car?
“A. Yes, they were.
“Q. What happened at Jack’s Truck Stop?
“MR. BATTLES: I object to that as being too far removed from the time and place of the alleged burglary, irrelevant and immaterial.
“THE COURT: Overruled, you may answer that.
“A. We were all setting there and Clarence Crawford and Jackie and David had had a run-in before. They came in and they had an argument and David went out and opened the trunk of the car and got the shotgun out and brought it in and drew it on Clarence.
“Q. (BY MR. HARRIS) This was the gun that was taken from Thomas Hays’ house?
“A. Yes, it was.
“Q. The Hays’ home?
“A. Yes.
“Q. What happened after he drew the gun on Mr. Crawford?
“A. They called the police down there and David still had the gun with him and he went out the door running through the woods.”
There was evidence tending to prove that the shotgun was recently stolen property. We hold that evidence of the possession of the gun by the appellant and what he did with it was admissible evidence to be considered by the jury bearing on the appellant’s guilt of burglary. The fact that he was using the shotgun in an unlawful manner does not render evidence of his possession of the shotgun inadmissible, therefore, the ruling of the trial court in overruling appellant’s objection was correct. Rutherford v. State, 48 Ala.App. 289, 264 So.2d 210, certiorari denied, 288 Ala. 750, 264 So.2d 214; Murphy v. State, 52 Ala.App. 490, 294 So.2d 457; Weatherspoon v. State, 36 Ala.App. 392, 56 So.2d 793.
Appellant in his brief argues that the trial court committed reversible error when it said to the jury in the oral charge that a plea of not guilty meant, “I did none of the elements of the crime charged.” We have reviewed the trial court’s oral charge to the jury, and when considered in its entirety find that the trial court fully and clearly informed the jury in the oral charge that a plea of not guilty puts in issue every essential element of the crime charged in the indictment. The court in its oral charge defined to the jury all the elements of the crime charged. Fowler v. State, 161 Ala. 1, 49 So. 788.
Appellant complains that the trial court committed reversible error when it *715 refused certain written charges requested by appellant.' We have reviewed these charges, and find they contain improper statements of the law, or are abstract, or are misleading, or were substantially covered by the court’s oral charge. Code of Ala. 1940, Title 7, Section 273.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.